# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1066V
Filed: December 19, 2016
Not for Publication

*************************************
KATHY CASTANEDA,
on behalf of N.A.C., a minor child,

      Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

      Respondent.

*************************************

Interim attorneys' fees and costs decision; reasonable attorneys' fees and costs

Andrew D. Downing, Phoenix, AZ, for petitioner.
Alexis B. Babcock, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 29, 2016, petitioner filed a motion requesting interim attorneys' fees and costs for the work completed by her previous attorney, Anne Toale. Petitioner requests $12,597.70 in interim attorneys' fees and $1,419.77 in interim attorneys' costs, for a total request of $14,017.47. No decision on entitlement has been issued.

On December 19, 2016, respondent filed a response to petitioner's motion explaining that she "does not oppose an interim award of reasonable attorneys' fees and costs under Avera for

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

the work performed by Ms. Toale." Resp't's Resp. at 2. Respondent asks the undersigned to "exercise her discretion and determine a reasonable award for interim attorneys' fees and costs." Id. at 3.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim." Id. The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that petitioner's interim attorneys' fees and costs request is reasonable. The undersigned **GRANTS** petitioner's motion for interim attorneys' fees and costs. Accordingly, the court awards **$14,017.47**, representing interim attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Maglio Christopher & Toale, P.A. in the amount of **$14,017.47**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: December 19, 2016                                                s/ Laura D. Millman
                                                                        Laura D. Millman
                                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.