# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 21, 2018

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| KATHY CASTANEDA, *on behalf of* N.A.C., *a minor child*, | \* \* \* \* | |
| Petitioner, | \* \* | No. 15-1066V |
| | | Special Master Oler |
| v. | \* \* | Interim Attorneys' Fees and Costs; Duplicative Billing; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* | Administrative Tasks; Expert Costs. |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

**Oler**, Special Master:

On May 20, 2019, Petitioner filed a Motion for Reconsideration of my Decision Awarding Interim Attorneys' Fees and Costs ("Decision"), issued on May 15, 2019. Motion, ECF No. 85. Specifically, Petitioner requested that I reconsider my decision to reduce the requested lodging costs for herself, her counsel, and her expert. *Id*. Upon review of Petitioner's Motion and the new evidence included in that Motion, Petitioner's request is hereby GRANTED.

### I.    Relevant Procedural History

On September 25, 2015, Kathy Castaneda ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program")[2] on behalf of her minor

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **Accordingly, this decision will be accessible by anyone with access to the internet.** In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §300aa (2012).

1

son, N.A.C., alleging that N.A.C. suffered injuries as a result of his receipt of the DTaP, Hib, MMR, and Prevnar 13 vaccinations on September 26, 2012. *See* Petition ("Pet."), ECF No. 1.

On October 24, 2018, Petitioner filed an application for interim attorneys' fees and costs ("Interim Motion"), requesting $62,481.50 in attorneys' fees for her counsel of record, Andrew D. Downing of Van Cott & Talamante, PLLC ("VCT"), and $35,452.03 in attorneys' costs, for a total of $97,933.53. *See* Interim Motion, ECF No. 71 at 5; *see also* Ex. A at 24, 30, attached as ECF No. 71-1 (hereinafter referred to as "Ex. A"). A review of the Interim Motion reflected that Petitioner herself had not borne any out-of-pocket expenses up to this point in the litigation. *See generally* Interim Motion.

Respondent filed a response to Petitioner's Interim Motion on November 7, 2018. Respondent's Response, ECF No. 77. Respondent argued that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent added that he "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award." *Id.* at 2. Additionally, he "respectfully requests that [I] exercise [my] discretion and determine a reasonable award" for interim attorneys' fees and costs. *Id.* at 3.

On May 15, 2019, I issued my Decision. Decision, ECF No. 83. For the reasons discussed in the Decision, I granted in part Petitioner's Interim Motion, awarding $57,575.85 in attorneys' fees and $27,408.92 in costs, for a total of $84,984.77. Decision at 11. Specifically, of the $6,958.13 in requested lodging costs, I awarded Petitioner $4,570.44. *Id.* at 9.

### II. The Instant Motion

On May 20, 2019, Petitioner filed a Motion for Reconsideration on Interim Attorneys' Fees and Costs ("Motion") requesting that I reconsider my reduction to Petitioner's lodging expenses. *See* Motion. With that Motion, Petitioner included additional evidence supporting the increased costs of lodging, the upgraded rooms, and the $500 additional room charge. *Id.* Petitioner argued that the room costs were comparable to other hotels in the area for the particular days of the week. *Id.* at 1-2. Petitioner further added that the upgraded rooms were offered as a complimentary benefit of counsel's hotel membership status and were at no cost to Program. *Id.* at 1. Finally, Petitioner clarified that the $500 charge was for a meeting room reservation, used for hearing preparation on the first night. *Id.* at 4. Respondent did not file a response to Petitioner's Motion, nor was one requested or required.

On June 19, 2019, I issued an order granting Petitioner's Motion, withdrawing my initial Decision, and vacating judgment that had entered on the Decision. ECF No. 91.

This matter is now ripe for a decision.

### III. Legal Standard for Motion for Reconsideration of Interim Attorneys' Fees and Costs

Vaccine Rule 10(e) governs motions for reconsideration. It is within a special master's

discretion to grant or deny the motion "in the interest of justice." Vaccine Rule 10(e)(3). Special masters have construed the "interest of justice" standard articulated in Vaccine Rule 10(e)(3) as a lesser standard than the showing of "manifest injustice" required by RCFC Rule 59(a). *See, e.g., R.K. v. Sec'y of Health and Human Servs.,* No. 03-632V, 2010 WL 5572074, at *5 (Fed. Cl. Spec. Mstr. Nov. 12, 2010). Moreover, Vaccine Rule 10 provides a special master with "significant discretion to determine in a particular case what result is in the interest of justice." *McAllister v. Sec'y of Health and Human Servs.,* No. 03-2476V, 2011 WL 6000606, at *1 (Fed. Cl. Spec. Mstr. Oct. 6, 2011). Additionally, special masters are not required to provide "a detailed order denying every argument for reconsideration." *Doe/17 v. Sec'y of Health and Human Servs.,* 84 Fed. Cl. 691, 704 n.18 (2008).

### IV. Discussion of Reasonable Lodging Costs

In her Motion, Petitioner first addressed my reduction of the nightly rate for her stay at the JW Marriott. *See* Motion. Petitioner argued that the nightly rate was reasonable for the area and for a non-weekend stay in Washington, D.C. *Id*. at 1. Petitioner added that my reimbursement cost of $284+ tax was not feasible in this city. *Id*. at 2. Included with her Motion were several hotel estimates for a two day stay during June 10-12, 2019. *See id*. These estimates were included to show that the cost of staying at the JW Marriott was the least expensive lodging option for those two nights. *Id*.

I find Petitioner's nightly cost for Petitioner, her attorneys, and her expert to be reasonable. In light of the inability to compare hotel costs for the actual nights of Petitioner's October 2018 hearing, I am persuaded by the evidence submitted by Petitioner's counsel in this instance.[3] As such, I grant Petitioner's hotel costs in full.

Second, Petitioner clarified that the upgraded rooms utilized by Petitioner and her legal team were complementary benefits. In her Motion, Petitioner included documentation illustrating that Petitioner's counsel was a member of the hotel's rewards program, and his particular status awarded him complementary room upgrades. ECF No. 85 at 21. Petitioner reassured that the upgraded rooms were at no cost to the Petitioner or the Program. I find Petitioner's explanation satisfactory and, thus, will not reduce Petitioner's lodging costs for this reason.

Finally, Petitioner stated that the $500 charge was for the reservation of a meeting room used for hearing preparation. Petitioner's counsel explained that he reserved a meeting room prior to each of his hearings with the Program in order to have a space to prepare the witnesses. I find this explanation satisfactory as well and award this cost in full.[4]

---

[3] I note that I do not agree with Petitioner's argument, however, that a stay in Washington, D.C., near the Court is always as costly. Petitioner's examples included a comparison for June 10-12, 2019, a two-night window during peak tourist season in this city. During October when Petitioner's hearing occurred, however, the costs for lodging are considerably lower. For example, the following are nightly rates for October 2-5, 2019, a three-night window similar to that of Petitioner's hearing: 1) JW Marriott: $381/night; 2) Hamilton Hotel: $264/night; 3) Sofitel Washington: $333/night; 4) Hilton Garden Inn: $326/night.

[4] Petitioner's counsel is reminded that these explanations and the evidence submitted with this Motion should have been argued and included with Petitioner's Interim Motion so as to avoid the added drain on

## V. Legal Standard for Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). The Federal Circuit has stated, "Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. However, *Avera* did not exclusively define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by petitioner's counsel. *Kirk*, 2009 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel."). By the time a decision is rendered in this case, Petitioner, and her counsel, will have been litigating this claim for more than three years. Thus, I find it reasonable to award interim attorneys' fees and costs at this juncture to avoid undue hardship for Petitioner's counsel.

## VI. Reasonable Attorneys' Fees

If interim fees are deemed appropriate, a petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner brought his/her petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. at 154 (2012); *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). Respondent did not raise any objection to the good faith or reasonable basis for the claim. I find the petition was filed in good faith and with a reasonable basis. As there is no other reason to deny the award of interim fees and costs, I will award Petitioner's reasonable interim attorneys' fees and costs in this instant decision.

---

judicial time and resources.

While Respondent did not contest the billing rate or specific entries, the special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 303 (2008), *aff'd*, No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### A. Requested Hourly Rates

Petitioner requests compensation for her attorneys, Mr. Andrew Downing and Ms. Courtney Van Cott. Petitioner requests the following hourly rates for work performed by Mr. Downing and Ms. Van Cott from 2016 to 2018:

|      | **Mr. Downing** | **Ms. Van Cott** |
|------|-----------------|------------------|
| **2016** | $350.00 | $195.00 |
| **2017** | $375.00 | $195.00 |
| **2018** | $385.00 | $205.00 |

Petitioner also requests that paralegals of VCT, Ms. Danielle P. Avery ("Ms. Avery" or "DPA") and Mr. Robert W. Cain ("Mr. Cain" or "RWC"), be compensated for work performed from 2016-2018 at rates varying from $100.00 per hour to $135.00 per hour, based on the year and the individual paralegal. *See* Ex. A at 30.

### B. Hourly Rates Awarded

#### i. Mr. Downing

Mr. Downing's requested hourly rates for work performed between 2016-2017 have been previously found to be reasonable by Special Master Gowen in his reasoned decision, *Bales, on behalf of J.B.A. v. Sec'y of Health & Human Servs.*, No. 15-882V, 2017 WL 2243094 (Fed. Cl. Spec. Mstr. Apr. 26, 2017). Given that the hourly rates discussed in that case have been awarded on numerous occasions, these identical rates for 2016-2017 will be awarded in full in this instant application. *See Bognar v. Sec'y of Health & Human Servs.*, No. 16-726V, 2017 WL 1376437 (Fed. Cl. Spec. Mstr. Mar. 22, 2017); *Semanisin v. Sec'y of Health & Human Servs.*, No. 15-1395V, 2017 WL 1398567 (Fed. Cl. Spec. Mstr. Mar. 21, 2017). Mr. Downing's request for an increase in his hourly rate for 2018 also appears to be reasonable and has been awarded by this Court in several instances. *See Nicholas Zumwalt, on behalf of his minor child, L.Z. v. Sec'y of Health & Human Servs.*, No. 16-994V, 2018 WL 6975184 (Fed. Cl. Spec. Mstr. Nov. 27, 2018); *Otto v. Sec'y of Health & Human Servs.*, No. 16-1144V, 2018 WL 5782873 (Fed. Cl. Spec. Mstr. Oct. 5, 2018). Finally, I have previously found Mr. Downing's requested rates for 2016-2018 to be reasonable and awarded them in full. *See Moran v. Sec'y of Health & Human Servs.*, No. 16-0538, 2019 WL 1555701 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). Thus, I find Mr. Downing's hourly rates for 2016-2018, as submitted by Petitioner in this present case, to be reasonable and award them as requested.

Similarly, the rates requested by Petitioner for Ms. Van Cott, Mr. Downing's associate, are consistent with the rates previously awarded to professionals of VCT. *Cowles v. Sec'y of Health & Human Servs.*, No. 16-1164V, 2018 WL 2772312 (Fed. Cl. Spec. Mstr. Apr. 26, 2018); *Carey v. Sec'y of Health & Human Servs.*, No. 16-828V, 2018 WL 1559805 (Fed. Cl. Spec. Mstr. Feb. 26,

5

2018). Therefore, I find the hourly rates requested for Ms. Van Cott to be reasonable and award them in full.

### ii. Paralegal rates

I previously awarded VCT's paralegal hourly rates range, listed above, in *Moran*, and I similarly find it to be reasonable in this case. *Moran*, 2019 WL 1555701 at *3.

### iii. Summary of Hourly Rates Awarded

In light of the above, the hourly rates to be awarded in this instant application are as follows:

|      | Mr. Downing | Ms. Van Cott |
|------|-------------|--------------|
| 2016 | $350.00     | $195.00      |
| 2017 | $375.00     | $195.00      |
| 2018 | $385.00     | $205.00      |

Accordingly, Petitioner's requested hourly rates for Mr. Downing and his paralegals are awarded in full.

### C. Reduction of Billable Hours

Based on my review of the billing records submitted with Petitioner's Interim Motion (*see generally* Ex. A), I find that the VCT firm billed hours that I consider "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517 at 1521 (Fed. Cir. 1993). For example, the time entries submitted with Petitioner's Interim Motion reflect that the paralegals of VCT billed for performing administrative tasks such as updating internal databases, processing payments, and posting packages.[5] The professionals of the VCT firm also billed for frequent and excessive internal communications.[6] Moreover, many of the billing entries also reflect instances of block billing, wherein the paralegals of VCT billed for multiple tasks in a

---

[5] For example, the following billing entries reflect paralegals of VCT billing time for non-compensable administrative tasks such as: (1) updating internal databases (billing entries of RWC on 10/21/2016; 10/16/2018)(billing entries of DPA on 11/2/2016; 8/13/2018); (2) processing payments or drafting correspondence regarding payments (billing entries of DPA on 1/10/2017; 4/4/2017; 4/7/2017; 9/17/2018; 9/24/2018); (3) preparing and mailing packages (billing entries for DPA on 11/11/2016; 1/9/2017; 5/4/2017). *See* Ex. A at 1-24.

The billing entries mentioned above are examples and are not exhaustive; they provide a sampling of the many non-compensable administrative tasks billed by VCT paralegals.

[6] The following billing entries reflect excessive invoicing for internal communications: (billing entries of CVC on 9/30/2016; 10/4/2016; 10/17/2016; 11/11/2016; 7/10/2016; 7/30/2018; 8/14/2018; 8/27/2018; 9/4/2018; 9/5/2018; 9/26/2018; 9/27/2018; 9/28/2018; 10/16/2018). *See* Ex. A at 1-24. These billing entries are examples and are not exhaustive.

single entry, thus co-mingling time that is not compensable with time that is compensable.[7] For such entries, it is impossible to determine the precise portion of the time billed that should be compensated. I note that it is counsel's burden to document the fees claimed. *See Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. July 29, 2009); *see also Broekelschen v. Sec'y of Health & Human Servs.*, 2008 U.S. Claims LEXIS 399, at *13-14 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing a petitioner's attorneys' fees award and criticizing counsel in that case for block billing). Indeed, the Vaccine Program's *Guidelines for Practice* state as follows: "[e]ach task should have its own line entry indicating the amount of time spent on that task. Lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request."[8]

I additionally find that the billing invoices reveal some billing entries reflecting instances of duplicative billing, where attorneys and paralegals billed time for drafting or reviewing the same document. The billing invoices consistently reflect such duplicate entries where several individuals completed, reviewed, or processed the same notices, documents, or orders. It has been a long-standing practice in the Vaccine Program to reduce attorneys' fees for such similar duplicative billing entries. *See, e.g.*, *Turkupolis v. Sec'y of Health & Human Servs.*, No. 10-351V, 2015 WL 393343, at *5 (Fed. Cl. Spec. Mstr. Jan. 9, 2015) (reducing fees and noting a pattern of billing 0.10 attorney hours for review of all filings, regardless of the filing's length or complexity); *Z.H. v. Sec'y of Health & Human Servs.*, No. 16-123V, 2018 WL 1835210, at *3 (Fed. Cl. Spec. Mstr. Mar. 6, 2018) (reducing fees where "[m]ultiple attorneys reviewed the same orders and notifications and all billed time for doing so").

Furthermore, I find that the billing invoice for Ms. Avery contains numerous instances of excessive billing for receiving or reviewing filings or records. Ex. A at 10-19. I do not find the standard 0.2 hours billed by Ms. Avery to be a reasonable assessment of the time required to conduct many of these tasks, such as receiving, reviewing, and/or processing Court notifications, ECF filings, Notice of Reassignments, etc. *Id.* Accordingly, I find Ms. Avery's invoice of hours spent performing paralegal duties to be inflated.

Finally, I find the hours billed by both Mr. Downing and Ms. Van Cott for travel to the entitlement hearing excessive. Both attorneys billed for the full travel time to Washington, D.C.[9] Special Masters frequently compensate for time spent travelling, but such compensation is reduced

---

[7] *See generally* Ex. A at 1-24, which includes the billing entries cited at footnote 3, above, collectively reflecting VCT paralegals block billing for compensable tasks with non-compensable tasks.

[8] *Guidelines for Practice Under the National Vaccine Injury Compensation Program* ("*Guidelines for Practice*") at 67 (revised Nov. 5, 2018) found at: https://www.uscfc.uscourts.gov/sites/default/files/18.11.05%20Vaccine%20Guidelines.pdf (last visited on March 27, 2018).

[9] Mr. Downing had a second hearing the following week with Special Master Corcoran and split certain travel costs between the two cases accordingly. *See generally Nicholas Zumwalt, on behalf of his minor child, L.Z.*, 2018 WL 6975184. The return travel was invoiced to the case with Special Master Corcoran. *Id*.

by half if evidence is not provided that this time was spent working. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Nicholas Zumwalt, on behalf of his minor child, L.Z.*, 2018 WL 6975184. Neither Mr. Downing nor Ms. Van Cott submitted evidence that they worked on this case during transit and, therefore, I will cut their requested travel-related fees by 50%, a reduction of $1501.50 and $799.50, respectively.

For the reasons outlined above, I will reduce the total award of Petitioner's requested attorneys' fees. Since I find that the total hours expended by Mr. Downing were generally reasonable, with only a few exceptions of excessive or duplicative billing, I reduce the fees incurred through Mr. Downing's work by $1771.00.[10] I find, however, that Ms. Van Cott's billing entries included excessive billing for internal communications and, thus, reduce her fees incurred, less the adjustment made to transit fees, by 10%, a reduction of $2,474.35. Likewise, I reduce the requested fees for the work performed by VCT's two paralegals, collectively, by 15%. This results in a total reduction of Petitioner's Vaccine Act attorneys' fees award by **$4,905.65**.[11]

Therefore, Petitioner is awarded attorneys' fees in the amount of **$57,575.85**.[12]

---

[10] On 10/23/2018, Mr. Downing billed 0.7 hours for "receipt of two additional articles from Dr. Steinman re: ADP-robosylation testing of pertussis vaccines; timing; correspondence back and forth with him re: same." Ex. A at 8. I note that Dr. Steinman was not the expert in this case but was the expert in the *Zumwalt* hearing held by Special Master Corcoran the following week. As such, I believe this entry was made in error. The reduction of $1771.00, therefore, represents the adjustment made to hours Mr. Downing billed for transit as well as the $269.50 mistakenly invoiced to this matter.

[11]
| | | |
|---|---|---|
| Mr. Downing's fees requested | = | $40,531.50 |
| Reduction of mistaken billing entry | = | ($269.50) |
| Adjustment to hours billed for transit | = | ($1501.50) |
| **Mr. Downing Total Fees** | = | **$38,760.50** |
| *Reduction Amount* | = | *$1,771.00* |
| | | |
| Ms. Van Cott's fees requested | = | $17,548.00 |
| Adjustment to hours billed for transit | = | ($799.50) |
| Percentage of reduction (10%, after adjustment) | = | 0.10 |
| **Ms. Van Cott's Total Fees** | = | **$15,073.65** |
| *10% Reduction Amount* | = | *$2,474.35* |
| | | |
| Paralegal fees requested | = | $4,402.00 |
| Percentage of reduction (15%) | = | 0.15 |
| **Total Paralegal Fees** | = | **$3,741.70** |
| *15% reduction amount* | = | *$660.30* |
| | | |
| Reduction of Mr. Downing's fees | = | $1,771.00 |
| Reduction of Ms. Van Cott's fees | = | $2,474.35 |
| Reduction of Paralegal fees | = | $660.30 |
| **Reduction amount** | = | **$4,905.65** |

[12]
| | | |
|---|---|---|
| Attorneys' fees requested | = | $62,481.50 |
| Reduction | = | ($4,905.65) |

8

### VII. Reasonable Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding such costs. *See, e.g., Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $35,452.03 in attorneys' costs. Ex. A at 30. The requested costs herein can be sorted into two different categories: (1) expert costs and (2) miscellaneous costs, to include costs for lodging, travel, obtaining medical records, and mailing.

#### A. Expert costs for Petitioner's expert, Dr. Kiki Chang

##### i. Expert Hourly Rate

Petitioner requests costs for the work performed by Dr. Chang as an expert in this case. Dr. Chang billed at a rate of $550 per hour for a total of $23,875.00.[13] *See* Ex. A at 38, 60. In examining those billing entries and taking into account Dr. Chang's qualifications, expertise in applicable fields of study, and level of experience in the Program, I find Dr. Chang's requested rate to be higher than the usual rates awarded to new experts in the program. In fact, even experts with significant experience in the Program are not awarded hourly rates higher than $500 per hour. Still, at hearing, I found Dr. Chang to be highly qualified in his field and a particularly persuasive expert. Thus, I will reduce Dr. Chang's hourly rate to $500 per hour, the rate awarded to other experts in the program with comparable qualifications.

##### ii. Time Expended by Expert

Petitioner submitted two invoices detailing the work Dr. Chang performed in this case. The first invoice illustrates the work Dr. Chang performed for the initial expert report, totaling nine hours. Ex. A at 30. The second invoice reflects the additional work Dr. Chang completed in preparation for and at the entitlement hearing. Ex. A at 60. This invoice was for 34.5 hours at a rate of $550 per hour, for a total of $18,925.00.[14]

| | | |
|---|---|---|
| **Total awarded Vaccine Act attorneys' fees** | = | **$57,575.85** |

---

[13] Due to an error in calculation, this total is less than the summation of 43.5 hours of work at $550 per hour and should reflect a total of $23,925.00. Since, however, the erroneous calculation is based on the amount invoiced by Dr. Chang and paid by Mr. Downing, I will base all calculations on the correct summations but subtract from the erroneous amount.

[14] Again, I note that the invoice reflects an error in calculation. For "hearing participation and testimony," Dr. Chang billed 8.5 hours. Ex. A at 60. At $550 per hour, this task should reflect a total of $4,675. Instead, Dr. Chang invoiced for $4,625, accounting for the $50 difference. Thus, the total for that invoice should

First, I find that the time spent by Dr. Chang on his expert report was reasonable. However, I remind Mr. Downing that, as articulated by Special Master Moran in *Floyd v. Sec'y of Health & Human Servs.*, a request for expert costs should mirror that of an attorneys' fees, and experts should submit invoices that detail with particularity the amount of time spent on each task. *Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623 (Fed. Cl. Spec. Mstr. Mar. 2, 2017). A failure to do so may result in a reduction of hours awarded. Dr. Chang's first invoice fails to include detailed entries illustrating the type of task completed and the time expended on each task. While I strongly suggest that Dr. Chang provide more detailed invoices of his work performed in any future cases in this Program, I find that his overall time billed in the initial invoice was reasonable. Therefore, I award Dr. Chang the full nine hours billed in the first invoice.

Second, I find the time invoiced for transit to and from the hearing to be excessive. As with attorneys' fees, expert travel is compensated at one-half the expert's hourly rate, unless the expert can show that the time was spent working on case related matter. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *17 (Fed. Cl. Spec. Mstr. Apr. 28, 2015); *Nicholas Zumwalt, on behalf of his minor child, L.Z.*, 2018 WL 6975184 at *3. While Dr. Chang noted that he reviewed case materials during his travel to Washington, D.C., there is no indication that he did so during his return travel. Ex. A at 60. I find the notation in the invoice to be a sufficient showing that Dr. Chang completed case related work during his travel to the hearing. Accordingly, I reduce the hours awarded for return travel by 50%, to 4.5 hours.

Accordingly, I reduce the hours awarded for Dr. Chang's expert report and hearing attendance by 4.5, to 39 hours. I award Petitioner a total of **$19,500.00** in expert costs, reflecting a reduction of $4,375.[15]

### B. Miscellaneous case costs

#### i. Lodging and Meals

I find the majority of the lodging costs requested by Petitioner for herself, her attorneys, and

---

reflect $18,975.00.

[15] 
| | | |
|---|---|---|
| Total hours invoiced | = | 43.5 hours |
| Reduction of hours | = | 4.5 |
| **Total Hours Awarded** | = | **39 hours** |
| | | |
| Total hours awarded | = | 39 hours |
| Hourly rate awarded | = | $500/hour |
| **Total Expert Costs Awarded** | = | **$19,500.00** |
| | | |
| Total Expert Costs requested | = | $23,875 |
| Total Expert Costs awarded | = | $19,500 |
| **Reduction of Expert Costs** | = | **$4,375.00** |

10

her expert to be reasonable. Petitioner invoiced for three nights[16] at the JW Marriott in Washington, D.C., for a total lodging cost of $6,958.13.[17] As discussed above, I will award Petitioner the nightly rate requested for all members of Petitioner's legal team for the entirety of their stay.

Likewise, Mr. Downing's hotel invoice contains an additional $500 charge on the first night of his stay. Ex. A at 63. Petitioner has clarified that this cost pertains to the use of a meeting room in order to prepare for the hearing. Accordingly, this cost will be awarded. Petitioner's hotel invoice, however, displays a charge for a long-distance phone call. Since no explanation was provided in either the Interim Motion or the Motion for Reconsideration for the use of long-distance phone services, this cost will not be compensated. Petitioner's requested lodging costs of $6,958.13 included this extraneous charge and, therefore, the total costs awarded will be reduced by **$2.49**.

Finally, I find Petitioner's total request for meal cost reimbursement to be generally reasonable. However, Petitioner requested a meal charge for Dr. Chang in duplicate. As evidenced by Dr. Chang's receipts, on October 6, 2018 at 7:26 a.m., he spent $19.23 and tipped $5.00, for a total of $24.23. Ex. A at 72. Petitioner mistakenly invoiced for both the itemized and signed copies of the receipt. Ex. A at 29. Accordingly, I reduce the award for meal expenses by **$19.23**.

Thus, I reduce the compensation for lodging and meal expenses by a total of **$21.72**.

### ii. Travel

Petitioner requested several flights and Uber charges for herself, her attorneys, and Dr. Chang. I find the charges for these travel-related expenses to be generally reasonable. However, I note two exceptions.

First, I find the cost invoiced for Dr. Chang's flight to and from San Francisco, $1,800.40, to be exceptionally high. Mr. Downing and Ms. Van Cott both traveled to and from Phoenix at a cost of $633.40. Moreover, a similar United Airlines roundtrip, nonstop flight to and from San Francisco on similar dates in October 2019 would cost $446.60. While it is unclear why the price of Dr. Chang's ticket is so much higher than other comparable flights, research into the airline suggests that the elevated cost may be, in part, due to a higher seat class of Economy Plus. Since the program does not compensate for upgraded airline seats and since I find the overall cost of $1,800.40 for a roundtrip Economy class ticket excessive, I will reduce the amount awarded for Dr. Chang's airline ticket to **$650.00**, a reduction of **$1,150.40**.

---

[16] Petitioner requested four nights for the attorneys of VCT, since the attorneys were extending their stay in Washington, D.C., to attend a second hearing with Special Master Corcoran. The VCT attorneys only invoiced here for one of the two extra nights between the hearings, October 6, 2018, presumably billing the second night, October 7, 2018 to the *Zumwalt* attorneys' fees and costs application. I find that the attorneys' efforts to minimize travel and time expenditure were reasonable and, thus, award them the costs for the additional night.

[17] This amount represents the sum of the four hotel invoices for Petitioner, Dr. Chang, Mr. Downing, and Ms. Van Cott. The invoices include the nightly rate for each room, an additional $500 charge on Mr. Downing's invoice, and a $2.49 long-distance phone charge on Petitioner's invoice.

Second, Ms. Van Cott was charged an additional $60.29 in airline expenses.[18] Ex. A at 41. Since Petitioner did not provide a reason for incurring this additional cost, I will reduce Ms. Van Cott's airline award by the extraneous amount and compensate at $316.70, same as Mr. Downing.

Accordingly, this results in a total reduction in travel-related expenses of **$1,210.69**.

### iii. Other Case Related Expenses

I have reviewed all other costs incurred by the VCT firm, including costs for obtaining medical records, filing fees, and mailing costs. *See* Ex. A at 24-30. I find most of those expenses to be reasonable. However, the firm has also included charges for incoming and outgoing faxes. Special Master Moran articulated in *Bourche,* to Mr. Downing and VCT in fact, that "the operation of a fax machine is part of a law firm's general overhead and, therefore, separate costs should not be charged." *See Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5 (Fed. Cl. Spec. Mstr. May 11, 2017); *See also Muccala v. Sec'y of Health and Human Servs.*, No. 17-548V, 2018 WL 5024014 (Fed. Cl. Spec. Mstr. Jul. 27, 2018). I agree that billing for the use of fax is not appropriate, especially since other less expensive methods of correspondence are available. Therefore, I reduce the costs incurred by **$50.50**.

### C. Summary of Attorneys' Costs Awarded

Based upon the above analysis, calculating the reductions for attorneys' costs results in the following adjustments:

| | | |
|---|---|---|
| **Attorneys' costs requested**: | = | $35,452.03 |
| Reductions for Dr. Chang's expert costs: | = | ($4,375.00) |
| Reduction for miscellaneous costs | = | ($1,282.91) |
| **Total Attorneys' costs awarded**: | | **$29,794.12** |

## VIII. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, **I GRANT IN PART** Petitioner's Interim Motion, as follows:

| | Amount Requested | Reduction | Total Awarded |
|---|---|---|---|
| Attorneys' Fees | $62,481.50 | $4,905.65 | $57,575.85 |
| Litigation Costs | $35,452.03 | $5,657.91 | $29,794.12 |
| | | | **Grand Total: $87,369.97** |

---

[18] I note that this charge does not reflect an airline baggage charge, since Ms. Van Cott separately invoiced $25.00 for a baggage fee. Ex. A at 28.

I therefore award a total of **$87,369.97** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel of record, Mr. Andrew D. Downing, Esq., representing attorneys' fees in the amount of $57,575.85, plus costs in the amount of $29,794.12.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[19]

**IT IS SO ORDERED.**

> **s/ Katherine E. Oler**
> Katherine E. Oler
> Special Master

---

[19] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.