# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 15, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | UNPUBLISHED | |
| KATHY CASTANEDA *on behalf of N.A.C., a minor child,* | | |
| Petitioner, | No. 15-1066V | |
| | Special Master Oler | |
| v. | | |
| | Attorneys' Fees and Costs | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | | |
| Respondent. | | |
| * * * * * * * * * * * * * | | |

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
*Zoe Wade*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 25, 2015, Kathy Castaneda ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of her minor child, N.A.C.[2] Petitioner alleged that N.A.C. suffered pediatric acute-onset neuropsychiatric syndrome, an overlap of symptoms of OCD, Tourette's syndrome, ADHD, and bipolar disorder as a result of the Pentacel, MMR, Hepatitis A, and Prevnar 13 vaccinations N.A.C received on September 26, 2012. An entitlement hearing was held on October 4 and 5, 2018. Thereafter, updated medical records, post-hearing briefs, and additional work from the medical experts were filed. On May 18, 2020, the undersigned issued her decision denying entitlement. ECF No. 107. Petitioner filed a motion for review on June 17, 2020, which was denied by the Court of Federal Claims on November 13, 2020.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On November 19, 2020, Petitioner filed an application for final attorneys' fees and costs. ECF No. 120 ("Fees App.").[3] Petitioner requests total attorneys' fees and costs in the amount of $39,610.05, representing $37,619.50 in attorneys' fees and $1,990.55 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner states that she has not incurred any costs related to this litigation. Fees App. Ex. 3. Respondent failed to file a response within the allotted time thereafter, and Petitioner did not file a reply.

This matter is now ripe for consideration.

I.      **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned previously found that the matter had both good faith and reasonable basis when awarding interim attorneys' fees and costs, and the work performed since then was also reasonable. Accordingly, Petitioner is entitled to a final award of attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a.   **Reasonable Hourly Rates**

Petitioner requests compensation for her counsel at the following rates: for Mr. Andrew Downing, $385.00 per hour for work performed in 2018-2020, and for Ms. Courtney Van Cott, $205.00 per hour for work performed in 2018-2019 and $275.00 per hour for work performed in 2020. These rates are consistent with what Mr. Downing and Ms. Van Cott have previously been awarded for their Vaccine Program work, and I find them to be reasonable for the instant case.

---

[3] Petitioner was previously awarded interim attorneys' fees of $87,369.97 on June 21, 2019.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $37,619.50.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,990.55 in attorneys' costs. Fees App. Ex. 1 at 14. This amount is comprised of the transcript for the entitlement hearing and legal research charges. All of these costs are typical of Vaccine Program litigation and are reasonable in the undersigned's experience. Petitioner has provided adequate documentation supporting the request.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $37,619.50 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$37,619.50** |
| | |
| Attorneys' Costs Requested | $1,990.55 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,990.55** |
| | |
| **Total Amount Awarded** | **$39,610.05** |

**Accordingly, the undersigned awards a lump sum in the amount of $39,610.05, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Andrew Downing.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).